PER CURIAM.
We affirm the trial court’s dismissal of the action for failure to prosecute.
The notice of absence filed by appellees’ attorney clearly did not operate as a “de facto stay” as appellants would have us hold. Nor was it an abuse of discretion for the trial court to find that appellants’ unilateral misunderstanding of the notice of absence did not establish good cause to deny the motion.
The appropriate rule provides:
All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court, or otherwise has occurred for a period of 1 year shall be dismissed by the court on its own motion or on the motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a stipulation staying the action is approved by the court or a stay order has been filed *1200 or a party shows good cause in writing at least 5 days before the hearing on the motion why the action should remain pending.
Fla. R. Civ. P. 1.420(e).
Here, none of the requirements were met and appellants were not prevented from proceeding by the unilateral notice.
GLICKSTEIN and GROSS, JJ., and GOLDENBERG, RENEE, Associate Judge, concur.